UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PERRY STAUB ET AL.**                                          **CIVIL ACTION**

**VERSUS**                                                       **No. 23-6022**

**QBE SPECIALTY**                                                **SECTION I**
**INSURANCE COMPANY ET AL.**

### ORDER & REASONS

Before the Court is defendant Orchid Underwriters Agency, LLC's ("Orchid") motion[1] to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). No opposition has been filed and the deadline for doing so has passed.[2] For the reasons set forth below, the Court grants the motion to dismiss.

### I. FACTUAL BACKGROUND

On August 28, 2023, plaintiffs Perry Staub and Kelly Staub ("plaintiffs") filed a complaint alleging breach of an insurance contract against defendants QBE Specialty Insurance Company and Orchid (collectively, "defendants").[3] Plaintiffs assert that defendants issued a policy bearing the policy number QSN 2915505 ("the policy") pursuant to which plaintiffs were entitled to coverage for wind and water intrusion damage sustained during Hurricane Ida.[4] In its motion to dismiss, Orchid argues that plaintiffs have not stated a claim against it upon which relief can be

---

[1] R. Doc. No. 11.
[2] The motion was set for submission on January 10, 2024. Therefore, pursuant to Local Rule 7.5, plaintiffs' response was due on January 2, 2024.
[3] R. Doc. No. 4-1.
[4] *Id.* ¶ IV.

1

granted because Orchid is not the insurer, the claim is time barred, and the petition fails to comply with Federal Rule of Civil Procedure 8.[5]

## II. LAW AND ANALYSIS

### a. Rule 8

Orchid first argues that plaintiffs' complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 8.[6] Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Orchid argues the complaint is insufficient because it does not allege specific facts indicating how each defendant is liable for the causes of action alleged therein.[7] However, the complaint articulates claims against Orchid and QBE as the insurance companies providing the policy.[8] The complaint alleges that plaintiffs initiated insurance claims with both companies based on the specific policy listed in the complaint and both companies failed to make sufficient and timely payments.[9] Accordingly, the complaint "give[s] [Orchid] fair notice of what the claim is and the grounds upon which it rests" and has satisfied the requirements of Rule 8. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).

---

[5] R. Doc. No. 11-1, at 2.
[6] R. Doc. No. 11-1, at 3.
[7] *Id.* at 3–4.
[8] R. Doc. No. 4-1, ¶ I.
[9] *Id.* ¶ VI.

### b. Rule 12(b)(6)

Orchid also argues that plaintiffs have failed to state a claim against it because Orchid is an insurance agent not an insurance company.[10] Rule 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair

---

[10] R. Doc. No. 11-1, at 4.

notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

When considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). "Dismissal under rule 12(b)(6) is a judgment on the merits and is typically with prejudice, meaning the plaintiff is precluded from bringing the same claims again." *Williams v. Am. Com. Lines, Inc.*, No. 21-30609, 2022 WL 1652778, at *1 (5th Cir. May 24, 2022).

For purposes of deciding Orchid's motion to dismiss, the Court can consider the policy because it is incorporated into the complaint by reference. *See Randall D. Wolcott, M.D., P.A.*, 635 F.3d at 763. The policy identifies Orchid as the surplus lines agent.[11] The policy identifies the coverage provider as QBE.[12] While Orchid served as the agent, plaintiffs' underlying insurance is provided through QBE. This is demonstrated through the service of process endorsement listing how QBE, as the insurer, shall be served for actions arising in each state.[13]

---

[11] R. Doc. 11-2, at 13.
[12] *Id.*
[13] *Id.* at 73.

4

Plaintiffs claim that defendants breached the policy by failing to timely pay pursuant to the policy and that they acted in bad faith.[14] "To state a legally cognizable claim for relief against an insurance agent under Louisiana law, a petitioner must demonstrate that: (1) the insurance agent agreed to procure the insurance; (2) the agent failed to use "reasonable diligence" in attempting to procure the insurance and failed to notify the client promptly that the agent did not obtain insurance; and (3) the agent acted in such a way that the client could assume he was insured." *3M Realty, LLC v. Scottsdale Ins. Co.*, No. CV 22-2883, 2023 WL 5478413, at *4 (E.D. La. Aug. 24, 2023) (Guidry, J.). Plaintiffs have not alleged any of required elements to state a claim against an insurance agent pursuant to Louisiana law.

Additionally, "Louisiana Revised Statutes §§ 22:1892 and 22:1973 only provide for bad faith claims against insurance companies," and, therefore, plaintiffs have not stated a bad faith claim against Orchid, as the insurance agent. *See GeoVera Specialty Ins. Co. v. Joachin*, No. CV 18-7577, 2019 WL 3238557, at *7 (E.D. La. July 18, 2019) (Brown, J.). Accordingly, the complaint has not pleaded "enough facts to state a claim to relief [against Orchid] that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[15]

### III.   CONCLUSION

For the foregoing reasons,

---

[14] R. Doc. No. 4-1 ¶ VI.
[15] Because the Court finds that plaintiffs have not stated a claim against Orchid, the Court need not address whether the claims against Orchid are time-barred.

**IT IS ORDERED** that Orchid's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. Plaintiffs' claims against Orchid are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, January 16, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**